# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

William Witter,

    Petitioner

v.

William Gittere, et al.,

    Respondents

Case No.: 3:20-cv-00345-APG-WGC

**Order Granting in Part Application to Proceed *In Forma Pauperis* and Appointing Counsel
and
Order to Show Cause**

[ECF Nos 1, 7]

This action is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by William Witter, a Nevada prisoner sentenced to death.  Witter filed a habeas corpus petition (ECF No. 2) on June 12, 2020.

Witter paid the $5 filing fee for this action, but also filed an application for leave to proceed *in forma pauperis*. ECF No. 1.  It appears that there is good cause to grant Witter *in forma pauperis* status for this action.  I will grant Witter's application to proceed *in forma pauperis* for all purposes other than payment of the filing fee.

Witter also filed a motion for appointment of counsel. ECF No. 7.  Witter lacks the resources necessary to employ counsel.  Therefore, under 18 U.S.C. § 3599 and in the interests of justice, I will appoint the Federal Public Defender for the District of Nevada to represent Witter.  If the Federal Public Defender is unable to represent Witter due to a conflict of interest or other reason, then alternate counsel will be appointed.  Witter's appointed counsel will represent him in all subsequent proceedings, under 18 U.S.C. § 3599(e), unless allowed to withdraw.

I have examined Witter's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and I will direct the Clerk of the Court to serve the petition upon the respondents.  Prior to allowing this action to procced forward, however, Witter must show cause why his petition should not be dismissed as successive under 28 U.S.C. § 2244(b).

Witter brought a previous habeas action in this court challenging the same criminal proceeding he challenges with this new petition. *Witter v. Baker*, 2:01-cv-01034-RCJ-CWH.  In that proceeding, this court entered a final order on August 12, 2014 that denied relief on the merits and directed entry of judgment. *Id*.; ECF No. 247.  That matter remains pending on appeal in the Ninth Circuit Court of Appeals. USCA Case No. 14-99009.

If a petitioner has previously filed an application for habeas relief under § 2254 that has been denied on the merits, the court cannot grant relief with respect to a claim that was presented in the prior application. 28 U.S.C. § 2244(b)(1).  In addition, the court cannot grant relief with respect to a claim that was not presented in the prior application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  In addition, § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court.

Witter asserts that "[t]his action … constitutes a first federal habeas corpus proceeding arising from [a] July 6, 2017, Third Amended Judgment." ECF No. 2 at 13.  The Supreme Court has held that "where . . . there is a 'new judgment intervening between the two habeas petitions,' [the petition] challenging the resulting new judgment is not 'second or successive' at all." *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010). In addition, it matters not that the second petition challenges components of the original judgment that were not altered by the intervening amended judgment. *See Wentzell v. Neven*, 674 F.3d 1124, 1127 (9ᵗʰ Cir. 2012).  In a recent case, however, the Ninth Circuit stated as follows:

> The holding in *Magwood* leads to the question of what constitutes a "new judgment."  The Court did not provide a comprehensive answer—it simply held that the prisoner's resentencing in that case was a new judgment. *Id*. at 342, 130 S.Ct. 2788.  Consequently, since *Magwood*, lower courts have had to decide how significant the change to a judgment must be to create a new judgment.

*Turner v. Baker*, 912 F.3d 1236, 1239 (9ᵗʰ Cir. 2019).  Thus, the mere entry of an "amended judgment" is not, in itself, determinative.  This court must consider the nature of the change effected by the amended judgment.

Witter's first and second amended judgments of conviction entered in 1995 provided for restitution "in the amount of $2,790.00, with an additional amount to be determined." ECF No. 3-1 at 4.  In a postconviction petition for a writ of habeas corpus filed in state court in 2017, Witter challenged, for the first time, the indeterminate portion of the restitution provision. *Id*. The State agreed to the entry of another amended judgment of conviction striking the language regarding the additional amount to be determined in the future. ECF No. 3-6 at 15-16.  Thus, the third amended judgment was entered on July 17, 2017 without the offending language. ECF No. 3-3 at 4-5.  The third amended judgment did not alter Witter's underlying convictions or otherwise impact his sentences.

The federal court "look[s] to state law to determine whether a state court action constitutes a new, intervening judgment." *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017) (citing *Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017)).  The court in *Gonzalez* determined that an adjustment to a sentence to subtract credits for time served from the number of days to which the defendant would have otherwise been sentenced "provided a new and valid intervening judgment pursuant to which he was then being held in custody." *Id*. at 769-70. "Critical[ ]" to that holding was that, "under California law, only a sentence that awards a prisoner all credits to which he is entitled is a legally valid one." *Id.* at 769.  The court further explained that "before the amendment, the prisoner was *not* held in custody pursuant to a lawful judgment of the state courts and was being held for a greater number of days than was proper under California law." *Id*. at 769-70 (emphasis in original).

In *Turner*, the court reached a similar conclusion with respect to an amended judgment that altered the original judgment to give a Nevada prisoner credit for time served. *Turner*, 912 F.3d at 1240.  That is, the court held that under Nevada law the original judgment was invalid because it did not include "a defendant's credit for time served." *Id*.  More recently, the court determined that the removal of a victim-restitution condition from a petitioner's state sentencing judgment did not create a new judgment under *Magwood*. *Colbert v. Haynes*, 954 F.3d 1232, 1237 (9th Cir. 2020).

In *Colbert*, the court focused on whether "the state court action 'replace[d] an invalid sentence with a valid one.'" *Id*. at 126 (quoting *Gonzalez*, 873 F.3d at 769).  The court concluded that, with respect to the initial judgement, "the trial court did not exceed its statutory authority by ordering Colbert to pay restitution to his victims, and thus there was no error in the sentence, let alone the sort of sentencing error that would render a judgment invalid." *Id*. at 1236.  The court

4

went on to distinguish between "sentencing errors correctible through ministerial action" and those that arise from "critical stages of a criminal proceeding and … involve discretionary decision-making." *Id*.  The court suggested that under Washington law only the latter would render a prior judgment invalid such that a corrected judgment would constitute a "new, intervening judgment." *Id*. at 1236-37.

Based on the foregoing, I harbor serious doubt as to whether Witter's third amended judgment of conviction constitutes a new judgment under *Magwood*.  Witter must demonstrate that under Nevada law he was being held in custody under an invalid judgment prior to the entry of the 2017 third amended judgment.  I recognize that the Supreme Court of Nevada confirmed that the trial court erred by entering judgments of conviction that imposed restitution in an uncertain amount and that the amended judgment correcting that error was appealable. *See Witter v. State*, 452 P.3d 406, 408, 416-17 (Nev. 2019).  The court also held, however, that the appeal was limited to issues arising from the amendment itself. *Id*. at 416-17.  And it rejected Witter's arguments that his conviction was not final until entry of the third amended judgment and that, as a result, he was permitted to relitigate, on direct appeal and in post-conviction proceedings, any issue arising from his 1995 trial. *Id*. at 415-17.

Accordingly, Witter must show cause why I should not dismiss this action as a second or successive petition under 28 U.S.C. § 2244(b).  This is threshold question that must be resolved for this court to have jurisdiction in this case. *See Burton v. Stewart*, 549 U.S. 147, 157  (2007).

I THEREFORE ORDER that Witter's application to proceed *in forma pauperis* **[ECF No. 1]** is **GRANTED in part.**  Witter is granted leave to proceed *in forma pauperis* in all respects other than payment of the filing fee, which has already been paid.

I FURTHER ORDER that Witter's motion for appointment of counsel **[ECF**

**No. 7] is GRANTED**.  The Federal Public Defender for the District of Nevada is appointed to represent Witter.  The Federal Public Defender will have **until July 24, 2020** to file either a notice of appearance as counsel or a notice indicating its inability to represent Witter.

I FURTHER ORDER that, with the notice of appearance, the Federal Public Defender must also show cause why I should not dismiss this action as an unauthorized second or successive petition under 28 U.S.C. § 2244(b).  If the Federal Public Defender is unable to represent Witter, alternate counsel will be directed to respond to this order once appointed.

The Clerk of Court is directed electronically SERVE a copy of this order on the Federal Public Defender for the District of Nevada.  The Clerk of Court is also directed to ADD Aaron D. Ford, Attorney General of the State of Nevada, as counsel for respondents.

Finally, the Clerk of Court is directed to electronically SERVE upon the respondents a copy of Witter's petition (ECF No. 2) and a copy of this order.  The respondents have until **July 24, 2020** to enter a notice of appearance, but no further action in this case is required I order otherwise.

Dated: June 22, 2020

_____
U.S. District Judge Andrew P. Gordon