UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| William Witter,<br><br>    Petitioner<br><br>v.<br><br>William Gittere, et al.,<br><br>    Respondents | Case No.: 3:20-cv-00345-APG-WGC<br><br>**Order Finding Cause and Scheduling Further Proceedings** |

In this habeas proceeding under 28 U.S.C. § 2254, William Witter, a Nevada prisoner sentenced to death, challenges the same criminal proceeding he challenged in a previous federal case that resulted in a final order denying relief on the merits and directing entry of judgment. *Witter v. Baker*, 2:01-cv-01034-RCJ-CWH; ECF No. 247.[1] On June 22, 2020, I ordered Witter to show cause why his petition in this case should not be dismissed as a second or successive under 28 U.S.C. § 2244(b). ECF No. 9. Having considered Witter's response (ECF No. 14), I conclude that Witter has shown cause why his petition should not be summarily dismissed as a second or successive petition. The respondents are not foreclosed, however, from raising § 2244(b) as a defense to Witter's petition.

Witter's first and second amended judgments of conviction entered in 1995 provided for restitution "in the amount of $2,790.00, with an additional amount to be determined." ECF No. 3-1 at 4. Under Nevada law, the trial court is not permitted to enter judgments of conviction that impose restitution in an uncertain amount to be determined in the future. *Botts v. State*, 854 P.2d 856, 857 (Nev. 1993). In response to a state post-conviction petition filed by Witter in 2017, the

---

[1] That case remains on appeal in the Ninth Circuit Court of Appeals. USCA Case No. 14-99009

State agreed to the entry of another amended judgment of conviction striking the indeterminate restitution language in Witter's prior judgment of conviction. ECF No. 3-6 at 15-16. A third amended judgment was entered on July 17, 2017, without the offending language. ECF No. 3-3 at 4-5. The third amended judgment did not alter Witter's underlying convictions or otherwise impact his sentence.

The question presented by my order to show cause is whether the 2017 amended judgment constituted a "new intervening judgment" that would make Witter's current petition his first habeas petition challenging a "new" sentence rather than a second or successive petition for purposes of § 2244(b). *See Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (holding that "where . . . there is a 'new judgment intervening between the two habeas petitions,' [the petition] challenging the resulting new judgment is not 'second or successive' at all"). I must "look to state law" to make this determination. *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017) (citing *Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017)). According to a recent Ninth Circuit decision, "[c]ritical to this analysis is whether the state court action 'replaces an invalid sentence with a valid one.'" *Colbert v. Haynes*, 954 F.3d 1232, 1236 (9th Cir. 2020) (quoting *Gonzalez*, 873 F.3d at 769).

Under Nevada law, entering judgments of conviction that impose restitution in an uncertain amount to be determined in the future "clearly constitutes error." *Witter v. State*, 452 P.3d 406, 408 (Nev. 2019) (citing Nevada cases supporting the proposition). A sentencing error in a state court judgment will not necessarily render the judgment invalid under state law. *See, e.g., Colbert*, 954 F.3d at 1236 ("In Washington, only sentencing errors stemming from a trial court exceeding its statutory authority render a sentencing judgment invalid."). In *Colbert*, the Ninth Circuit rejected a petitioner's argument that his habeas petition was not a second or

successive petition because the state court had removed a victim-restitution condition from his sentencing judgment. *Id*. at 1236-37.

Witter contends Nevada case law establishes that the sentence amendment in his case went beyond the "ministerial act" in *Colbert* that the Ninth Circuit rejected as a "new, intervening judgment." *Id*. The Supreme Court of Nevada has held that "[s]etting the amount of restitution . . . is not analogous to correcting an error; rather, it is an integral part of the sentence." *Whitehead v. State*, 285 P.3d 1053, 1055 (Nev. 2012). In addressing Witter's appeal from a 2017 amended judgment, the court characterized the "the specific amount of restitution" as "a weighty matter that must be included in the judgment of conviction when the sentencing court determines that restitution is warranted." *Witter*, 452 P.3d at 408-09.

Without question, Witter's argument that he is challenging a "new, intervening judgment" is stronger than the petitioner's argument in *Colbert*. He also persuasively argues that the Supreme Court of Nevada's decision relating to the finality of his 1995 judgment is not determinative of the issue presented here. ECF No. 14 at 13-16. Nonetheless, I am troubled that, unlike the other cases Witter relies upon, the change to his prior judgment effected by the 2017 amendment did not involve, in any way, his underlying convictions or his period of confinement. *See Gonzalez*, 873 F.3d at 769 (amendment corrected prisoner's presentence credit award); *Turner v. Baker*, 912 F.3d 1236, 1240 (9th Cir. 2019) (amended judgment altered original judgment to give prisoner credit for time served); *Wentzell v. Neven*, 674 F.3d 1124, 1125 (9th Cir. 2012) (amended judgment of conviction dismissed solicitation to commit murder count and its resulting sentence). In addition, I have yet to entertain argument from the respondents on this issue.

Thus, I will allow this action to proceed and direct the respondents to file a response to Witter's petition. *See* Habeas Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254.  In their response, the respondents may raise the limitation imposed by § 2244(b) as a defense.

In accordance with Federal Rule of Civil Procedure 16(b), the Rules Governing Section 2254 Cases in the United States District Courts, and Local Rule 16-1, the following schedule governs further proceedings in this action:

1. **Response to Petition**. The respondents may file and serve an answer or other response to the petition by January 11, 2021.

2. **Reply and Response to Reply**. The petitioner will have 45 days following service of an answer to file and serve a reply.  The respondents will have 30 days following service of a reply to file and serve a response to the reply.

3. **Briefing of Motion to Dismiss**.  If the respondents file a motion to dismiss, the petitioner will have 45 days following service of the motion to file and serve an opposition to the motion.  The respondents will thereafter have 30 days following service of the opposition to file and serve a reply.

4. **Discovery**. If the petitioner wishes to move for leave to conduct discovery, he must file and serve such motion concurrently with, but separate from, the response to the respondents' motion to dismiss or the reply to the answer.  Any motion for leave to conduct discovery filed before that time may be considered premature and denied without prejudice on that basis.  The respondents will file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to the petitioner's reply.

Thereafter, the petitioner will have 20 days to file and serve a reply in support of the motion for leave to conduct discovery.

    5. **Evidentiary Hearing**. If the petitioner wishes to request an evidentiary hearing, he must file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to the motion to dismiss or the reply to the answer. Any motion for an evidentiary hearing filed before that time may be considered premature and denied without prejudice on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, where the transcript is located in the record. If the petitioner files a motion for an evidentiary hearing, the respondents will file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to the petitioner's reply. Thereafter, the petitioner will have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

Dated: November 10, 2020

                                                               _____
                                                               U.S. District Judge Andrew P. Gordon