UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| William Witter, | Case No.: 3:20-cv-00345-APG-WGC |
| Petitioner | **Order** |
| v. | |
| William Gittere, et al., | [ECF No. 16] |
| Respondents | |

I previously entered a scheduling order giving the respondents until January 11, 2021 to respond to William Witter's habeas petition. ECF No. 15.  On that date, the respondents filed a motion asking me to reconsider that order. ECF No. 16.  They argue that, because of uncertainty about whether Witter's petition is a second or successive petition for the purposes of 28 U.S.C. § 2244(b), I should refer the petition to the Ninth Circuit for resolution of the issue under Ninth Circuit Rule 22-3.  For reasons that follow, I deny the motion.

In a previous proceeding, this court denied relief on the merits with respect to the same criminal proceeding Witter challenges with his petition in this case. *See Witter v. Baker*, 2:01-cv-01034-RCJ-CWH.[1]  Witter's position is that a 2017 amended judgment of conviction striking restitution language in his prior judgment of conviction constituted a "new intervening judgment" that makes his current petition his first habeas petition challenging a "new" sentence, rather than a second or successive petition for purposes of § 2244(b). *See Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (holding that "where . . . there is a 'new judgment intervening

---

[1] That matter remains pending on appeal in the Ninth Circuit Court of Appeals. USCA Case No. 14-99009

between the two habeas petitions,' [the petition] challenging the resulting new judgment is not 'second or successive' at all"). Expressing my doubts but concluding the point is at least arguable, I allowed the case to proceed forward rather than summarily dismissed it as successive. ECF No. 15. I also noted, however, that the respondents, not yet having an opportunity to argue the issue, were not foreclosed from asserting § 2244(b) as an affirmative defense. *Id*. at 3-4.

The respondents now argue that in cases where the issue is uncertain, the Ninth Circuit is the proper forum for addressing whether a petition is a second or successive petition under § 2244(b). They point to the gatekeeping provision in § 2244(b)(3) and this court's lack of jurisdiction to review second or successive petitions without authorization from the court of appeals. *See Burton v. Stewart*, 549 U.S. 147 (2007). They urge me to avoid a scenario in which time and resources are expended litigating in this court only to have the court of appeals later determine that the petition was indeed subject to dismissal for lack of jurisdiction. According to the respondents, the Ninth Circuit in *Goodrum v. Busby*, 824 F.3d 1188, 1195 (9th Cir. 2016), expressed its preference that petitioners in questionable cases begin in the court of appeals. They further argue that this court recently acknowledged that preference in *Olsen v. Baker*, No. 3:15-cv-00367-MMD-WGC, 2020 WL 4736465, *3 (D. Nev., August 13, 2020). Lastly, they note that Ninth Circuit Rule 22-3 provides a procedural mechanism for me to refer this case to the Ninth Circuit without dismissing it.[2]

While seeing some merit to respondents' arguments, I decline to refer this case to the Ninth Circuit. Section 2244(b)(3) presupposes that the petition is second or successive, so its "gatekeeping" function asks only whether the petition "presents a claim not previously raised

---

[2] Ninth Circuit Rule 22-3 states: "If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district curt, the district court may, in the interests of justice, refer it to the court of appeals."

that satisfies one of the two grounds articulated in § 2244(b)(2)"—i.e., whether the new claim relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. *Burton*, 549 U.S. at 153.  Likewise, the transfer provision in Rule 22-3 is meant for second or successive petitions that facially allege one of those grounds. *See* Circuit Advisory Committee Note to Rule 22-3.  The issue here is whether Witter's petition is second or successive to begin with, not whether it passes muster under § 2244(b)(2).

As for *Goodrum*, the language upon which the respondents rely, read in context, is intended as salutary advice for the benefit of pro se petitioners who may not understand that a "second-in-time" petition is not necessarily a "second or successive" petition under § 2244(b). *See Goodrum*, 824 F.3d at 1195.  The *Olsen* decision is equally inapposite in that there was no apparent dispute that the petition at issue was an unauthorized second or successive petition. *Olsen*, 2020 WL 4736465, at *3.  In finding a transfer to the Ninth Circuit to be "in the interests of justice," the court noted that Olsen's petition "asserts that he can meet the *Schlup* standard for actual innocence." *Id*.

In addition, the assumption underlying the respondents' concern about judicial economy and the unnecessary expenditure of resources is that my scheduling order "requir[es] a full response to Witter's petition prior to the Court determining whether his petition is second or successive." ECF No. 16 at 2.  While serial motions to dismiss in habeas cases are generally disfavored in this court, my order imposed no requirement that the respondents' initial response be a "full response."  If the respondents believe Witter's petition is second or successive, they may assert that argument prior to filing a plenary motion to dismiss raising all of their procedural defenses. *See*, *e.g.*, *Jones v. McDowell*, No. CV 19-9180-JEM, 2020 WL 3619004 (C.D. Cal. June 30, 2020) (granting respondents' motion to vacate that argued petition was an unauthorized

second or successive petition over which court lacked jurisdiction). The omission of procedural defenses from a motion to dismiss based on § 2244(b) would not result in the waiver of those defenses. *See Morrison v. Mahoney*, 399 F.3d 1042, 1046–47 (9th Cir. 2005) (motion to dismiss "not a responsive pleading that required the State to raise or waive all its defenses"); *Randle v. Crawford*, 604 F.3d 1047, 1053 (9th Cir. 2010) (state did not waive statute of limitations defense in habeas proceeding by failing to raise the defense in motion to dismiss, during stipulation to stay proceedings, or in opposition to petitioner's motion to reopen federal habeas case).

In summary, the respondents fail to present persuasive grounds for me refer this case to the Ninth Circuit for resolution of the § 2244(b) issue. Thus, proceedings in this case will resume under the existing scheduling order (ECF No. 15).

I THEREFORE ORDER that respondents' motion for reconsideration **(ECF No. 16) is DENIED.**

I FURTHER ORDER the respondents to file and serve an answer or other response to the petition by June 30, 2021. In all other respects, my scheduling order of November 10, 2020 (ECF No. 15) continues to govern these proceedings.

Dated: April 16, 2021

_____
U.S. District Judge Andrew P. Gordon