# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

William Witter,

     Petitioner

v.

William Gittere, et al.,

     Respondents

Case No.: 3:20-cv-00345-APG-WGC

**Order Granting Motion to Dismiss**

[ECF Nos. 2, 24, 28]

     The respondents move to dismiss the petition for writ of habeas corpus in this case. ECF No. 24.  They argue that the petition is a second or successive petition under 28 U.S.C. § 2244(b) that must be dismissed absent authorization to proceed from the court of appeals.  I agree.

     In a previous proceeding, this court denied relief on the merits with respect to the same criminal proceeding Witter challenges with his petition in this case. *See Witter v. Baker*, 2:01-cv-01034-RCJ-CWH.[1]  If a petitioner has previously filed an application for habeas relief under § 2254 that has been denied on the merits, the court cannot grant relief with respect to a claim that was presented in the prior application. 28 U.S.C. § 2244(b)(1).  Nor can the court grant relief with respect to a claim that was not presented in the prior application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

---

[1] That matter remains pending on appeal in the Ninth Circuit Court of Appeals. USCA Case No. 14-99009.

evidence that, but for constitutional error, no reasonable factfinder would have
found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). And a petitioner must obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court. § 2244(b)(3). Failure to obtain that permission deprives the district court of jurisdiction to consider the habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Witter argues that a 2017 amended judgment of conviction striking restitution language in his prior judgment of conviction constitutes a "new, intervening judgment" that makes his current petition his first habeas petition challenging a "new" sentence, rather than a second or successive petition for purposes of § 2244(b). *See Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (holding that "where . . . there is a 'new judgment intervening between the two habeas petitions,' [the petition] challenging the resulting new judgment is not 'second or successive' at all"). Witter's first and second amended judgments of conviction entered in 1995 provided for restitution "in the amount of $2,790.00, with an additional amount to be determined." ECF No. 3-1 at 4. Under Nevada law, the trial court is not permitted to enter judgments of conviction that impose restitution in an uncertain amount to be determined in the future. *Botts v. State*, 854 P.2d 856, 857 (Nev. 1993).

Witter filed a postconviction petition for a writ of habeas corpus in state court in 2017. In that petition, he challenged, for the first time, the indeterminate portion of the restitution provision. ECF No. 3-1 at 4. The State agreed to the entry of an amended judgment of conviction striking the language regarding the additional amount to be determined in the future. ECF No. 3-6 at 15-16. Thus, a third amended judgment was entered on July 17, 2017, without the offending language. ECF No. 3-3 at 4-5. The third amended judgment did not alter or amend

in any way Witter's underlying convictions, the length of his non-homicide sentences, his death

sentence, or the imposition of $2,790.00 in restitution.  And the state court did not consider any

of those matters before entering the amended judgment.  On appeal, the Supreme Court of

Nevada rejected Witter's argument that his "direct appeal decided in 1996 and the subsequent

postconviction proceedings were null and void for lack of jurisdiction." *Witter v. State*, 452 P.3d

406, 408 (Nev. 2019).  The court gave two reasons:

> First, the judgment of conviction in this case arose from a jury verdict that was
> appealable under NRS 177.015(3) regardless of any error with respect to
> restitution in the subsequently entered judgment of conviction.  Second, and more
> importantly, Witter treated the 1995 judgment of conviction as final for more than
> two decades, litigating a direct appeal and various postconviction proceedings in
> state and federal court.  He does not get to change course now.

*Id*. at 407.

       As an initial matter, I note that *Magwood*, the primary case upon which the petitioner

relies, bears little resemblance to this case.  In *Magwood*, the petitioner had obtained federal

habeas relief from his Alabama death sentence, with the federal court "mandating that Magwood

either be released or resentenced." 561 U.S. at 323.  Thus, the "new judgment intervening

between the two habeas petitions" was "imposed as part of resentencing in response to a

conditional writ from the District Court." *Id*. at 330.  In response to the conditional writ, the state

trial court held a new sentencing proceeding.  That court re-sentenced Magwood to death,

"stating on the record that the new 'judgment and sentence [were] the result of a complete and

new assessment of all of the evidence, arguments of counsel, and law.'" *Id*. at 326 (quoting the

state record).  The habeas petition the Supreme Court addressed was "Magwood's *first*

application challenging that intervening judgment" and "[t]he errors he allege[d] [were] *new*." *Id*.

at 339 (emphasis in original).

1         The Court in *Magwood* left open the question whether, after resentencing, a petitioner

2   would be entitled to challenge "not only his resulting, new sentence, but also his original,

3   undisturbed conviction." *Id*. at 342.  The Ninth Circuit subsequently held that a second petition

4   challenging components of the original judgment that were not altered by the intervening

5   amended judgment was not second or successive. *See Wentzell v. Neven*, 674 F.3d 1124, 1127

6   (9th Cir. 2012).  In a more recent case, however, the Ninth Circuit stated as follows:

> The holding in *Magwood* leads to the question of what constitutes a "new
> judgment."  The Court did not provide a comprehensive answer—it simply held
> that the prisoner's resentencing in that case was a new judgment. *Id*. at 342, 130
> S. Ct. 2788.  Consequently, since *Magwood*, lower courts have had to decide how
> significant the change to a judgment must be to create a new judgment.

10   *Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019).  Thus, the mere entry of an "amended

11   judgment" is not, in itself, determinative.  The court must consider the nature of the change

12   effected by the amended judgment.

13         The federal court "look[s] to state law to determine whether a state court action

14   constitutes a new, intervening judgment." *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir.

15   2017) (citing *Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017)).  The court in *Gonzalez*

16   determined that an adjustment to a sentence to subtract credits for time served from the number

17   of days to which the defendant would have otherwise been sentenced "provided a new and valid

18   intervening judgment pursuant to which he was then being held in custody." *Id*. at 769-70.

19   "Critical[ ]" to that holding was that, "under California law, only a sentence that awards a

20   prisoner all credits to which he is entitled is a legally valid one." *Id*. at 769.  The court further

21   explained that "before the amendment, the prisoner was *not* held in custody pursuant to a lawful

22   judgment of the state courts and was being held for a greater number of days than was proper

23   under California law." *Id*. at 769-70 (emphasis in original).

4

In *Turner*, the court reached a similar conclusion with respect to an amended judgment that altered the original judgment to give a Nevada prisoner credit for time served. *Turner*, 912 F.3d at 1240.  The court held that, under Nevada case law, the original judgment was invalid because it did not include "a defendant's credit for time served." *Id*.  More recently, the court determined that the removal of a victim-restitution condition from a petitioner's state sentencing judgment did not create a new judgment under *Magwood*. *Colbert v. Haynes*, 954 F.3d 1232, 1237 (9th Cir. 2020)

In *Colbert*, the court focused on whether "the state court action 'replace[d] an invalid sentence with a valid one.'" *Id*. at 126 (quoting *Gonzalez*, 873 F.3d at 769).  The court concluded that, with respect to the initial judgement, "the trial court did not exceed its statutory authority by ordering Colbert to pay restitution to his victims, and thus there was no error in the sentence, let alone the sort of sentencing error that would render a judgment invalid." *Id*. at 1236.  The court went on to distinguish between "sentencing errors correctible through ministerial action" and those that arise from "critical stages of a criminal proceeding and … involve discretionary decision-making." *Id*.  The court suggested that, under Washington law, only the latter would render a prior judgment invalid such that a corrected judgment would constitute a "new, intervening judgment." *Id*. at 1236-37.

In arguing that his third amended judgment of conviction is a new and intervening judgment under *Magwood*, Witter points to the Supreme Court of Nevada's holding in *Whitehead v. State*, 285 P.3d 1053 (Nev. 2012).  There, the court held that, for purposes of triggering Nevada's one-year statutory period for filing a state habeas petition, a judgment of conviction that imposed restitution in an unspecified amount was not final until an amount of restitution was determined. *Whitehead*, 285 P.3d at 1055.  In so holding, the court noted that

5

1    "[s]etting the amount of restitution after an evidentiary hearing is not analogous to correcting an

2    error; rather, it is an integral part of the sentence." *Id*. Thus, according to Witter, a judgment

3    without a specific dollar amount of restitution is invalid, and any correction results in a new,

4    intervening judgment. He further argues that the Supreme Court of Nevada affirmed this

5    principle in his case by noting that a judgment of conviction that imposes restitution in an

6    uncertain amount to be determined in the future "clearly constitutes error." *Witter*, 452 P.3d at

7    408.

8         Witter's arguments are not convincing. In *Magwood*, the intervening judgment was

9    entered after "the state court conducted a full resentencing and reviewed the aggravating

10   evidence afresh." *Magwood*, 561 U.S. at 339. While the court in *Wentzell* held that it does not

11   matter whether the new federal petition challenges aspects of the original judgment that were not

12   altered by the intervening amended judgment, the intervening judgment in that case removed

13   from the initial judgment a conviction and sentence for solicitation to commit murder. *See*

14   *Wentzell*, 674 F.3d at 1125. No reported Ninth Circuit case has held that a change to a non-

15   custodial component of a judgment results in a "new judgment" under *Magwood*. Instead, in the

16   reported Ninth Circuit cases in which the court has allowed the petitioner to file a new petition

17   under *Magwood*, the "new judgment" concerned the length of petitioner's confinement. *See*

18   *Turner*, 912 F.3d at 1239; *Gonzalez*, 873 F.3d at 769; *Clayton*, 868 F.3d at 842.

19        As recognized by the *Magwood* Court, the focus of the limitations imposed by § 2244(b)

20   is on "the judgment authorizing the prisoner's confinement." *Magwood*, 561 U.S. at 332,

21   (emphasis omitted) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005)). That is because

22   § 2244(b) applies to second or successive petitions "under section 2254," which is an

23   "application for a writ of habeas corpus on behalf of a person in custody pursuant to the

judgment of a State court." *Id.* (quoting § 2254(b)(1) (emphasis omitted).  The bar on second and successive petitions prevents a petitioner from "twice [bringing] claims contesting the same custody imposed by the same judgment of a state court." *Burton*, 549 U.S. at 153.  *Magwood* allows a new petition if there is a "new judgment," but only if it is a new "judgment authorizing the prisoner's confinement."

Thus, while Ninth Circuit authority requires me to "look to state law to determine whether a state court action constitutes a new, intervening judgment," the inquiry is necessarily confined to state court actions that bear on a prisoner's confinement. *See, e.g., Turner*, 912 F.3d at 1239; *Gonzalez*, 873 F.3d at 769; *Clayton*, 868 F.3d at 842.  So even if restitution is "an integral part of the sentence," under Nevada law an amendment to a restitution provision cannot constitute a new, intervening judgment under *Magwood*.[2]  Because the Nevada court did not act upon the custodial aspect of Witter's sentence, there is no state court action for me to consider.[3]

When Witter filed his 2001 habeas petition, he was in custody and sentenced to death under the 1995 judgment of conviction.  When he filed his petition in this case, he was still in custody and sentenced to death under the 1995 judgment of conviction.  The amendment to the judgment merely removed language allowing an indeterminate amount of restitution and had no bearing on Witter's confinement or death sentence.  It cannot be considered a "new judgment"

---

[2] The Ninth Circuit has "repeatedly recognized" that restitution cannot be challenged in a habeas proceeding because it "is not by ordinary meaning a part of [a prisoner's] custody." *Bailey v. Hill*, 599 F.3d 976, 979 (9th Cir. 2010).

[3] While I recognize the court in *Colbert* considered "whether removal of the victim-restitution condition from Colbert's sentencing judgment created a new judgment" (*Colbert*, 954 F.3d at 1236), I do not view *Colbert* as controlling authority, given the court's holding "that Colbert's habeas application does not seek to challenge a new, intervening judgment." *Id.* at 1237.

1  under *Magwood*.  To hold otherwise would wholly subvert the purpose and intent of § 2244(b).

2  *See Calderon v. Thompson*, 523 U.S. 538, 558 (1998) ("Section 2244(b) of the statute is

3  grounded in respect for the finality of criminal judgments.").  In addition, Witter offers no

4  rational justification for allowing him a brand-new opportunity to challenge his convictions and

5  sentences based on an inconsequential amendment to his state judgment of conviction.

6          I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 24) is**

7  **GRANTED**.  Witter's habeas petition **(ECF No. 2) is DISMISSED** for lack of jurisdiction.  The

8  Clerk will enter judgment accordingly and close this case.

9          I FURTHER ORDER that a certificate of appealability is DENIED, as jurists of reason

10 would not find it debatable whether I am correct in my ruling.

11         I FURTHER ORDER that the respondents' unopposed motion for extension of time

12 **(ECF No. 28) is GRANTED** *nunc pro tunc* as of November 22, 2021.

13         Dated: March 10, 2022

14

15         _____

16         U.S. District Judge Andrew P. Gordon

17

18

19

20

21

22

23

8