# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

William Witter,

    Petitioner

v.

William Gittere, et al.,

    Respondents

Case No.: 3:20-cv-00345-APG-CSD

**Scheduling Order**

In this habeas proceeding under 28 U.S.C. § 2254, William Witter, a Nevada prisoner sentenced to death, challenges the same criminal proceeding he challenged in a previous federal case that resulted in a final order denying relief on the merits and directing entry of judgment. *Witter v. Baker*, 2:01-cv-01034-RCJ-CWH; ECF No. 247. [1]  In February 2024, the U.S. Court of Appeals for the Ninth Circuit reversed my decision to dismiss Witter's habeas petition in this case as an unauthorized "second or successive" petition under 28 U.S.C. § 2244(b). ECF No. 44. The court of appeals has issued its formal mandate (ECF No. 47), so I will issue a scheduling order for further proceedings in this court.

**I THEREFORE ORDER** that the following schedule governs further proceedings in this action:

1. **Response to Petition**.  The respondents may file and serve an answer or other response to the petition by December 27, 2024.

---

[1] That case remains on appeal in the U.S. Court of Appeals for the Ninth Circuit. USCA Case Nos. 14-99009, 14-99010, and 17-15972.

2. **Reply and Response to Reply**.  The petitioner will have 60 days following service of an answer to file and serve a reply.  The respondents will have 45 days following service of a reply to file and serve a response to the reply.

3. **Briefing of Motion to Dismiss**.  If the respondents file a motion to dismiss, the petitioner will have 60 days following service of the motion to file and serve an opposition to the motion.  The respondents will thereafter have 45 days following service of the opposition to file and serve a reply.

4. **Discovery**.  If the petitioner wishes to move for leave to conduct discovery, he must file and serve such motion concurrently with, but separate from, the response to the respondents' motion to dismiss or the reply to the answer.  Any motion for leave to conduct discovery filed before that time may be considered premature and denied without prejudice on that basis.  The respondents will file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to the petitioner's reply. Thereafter, the petitioner will have 30 days to file and serve a reply in support of the motion for leave to conduct discovery.

5. **Evidentiary Hearing**.  If the petitioner wishes to request an evidentiary hearing, he must file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to the motion to dismiss or the reply to the answer.  Any motion for an evidentiary hearing filed before that time may be considered premature and denied without prejudice on that basis.  The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e).  The motion must state whether an evidentiary hearing was held in state court and, if so, where the transcript is located in the record.  If the petitioner files a motion for an evidentiary hearing, the respondents

will file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to the petitioner's reply.  Thereafter, the petitioner will have 30 days to file and serve a reply in support of the motion for an evidentiary hearing.

      **I FURTHER ORDER** that the Clerk of the Court is directed to administratively reopen this case.

      Dated: October 16, 2024

_____

U.S. District Judge Andrew P. Gordon